UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
OCALA/TAMPA DIVISION

CHRISEANNA MITCHELL and,
CHRISTINE GANT,

      Plaintiffs,

v.

CELEBRITY'S MANAGEMENT COMPANY, LLC,
A Florida Limited Liability Company, and
FREDRICK JACOBS, individually,

      Defendants.
_____/

CASE NO.: 5:22-cv-108-JSM-PRL

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, CHRISEANNA MITCHELL (hereinafter "MITCHELL") and CHRISTINE GANT (hereinafter "GANT"), by and through their undersigned counsel, sue the Defendants, CELEBRITY'S MANAGEMENT COMPANY, LLC, a Florida Limited Liability Company (hereinafter "CELEBRITY'S"), and FREDRICK JACOBS, individually (hereinafter "JACOBS") and allege as follows:

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216, which authorizes a Plaintiff to bring a lawsuit on behalf of him/herself and similarly situated individuals pursuant to the Fair Labor Standard's Act, in any Court of competent jurisdiction.

2. All events and circumstances giving rise to this claim occurred in Ocala, Marion County, Florida.

3. At all times material hereto, MITCHELL and GANT were residents of Ocala, Marion County, Florida.

1

4. At all times material hereto, Defendant CELEBRITY'S was and continues to be a Florida Limited Liability Company that is engaged in the restaurant business in Ocala, Marion County, Florida.

5. At all times material hereto, Defendant JACOBS was an officer and owner of CELEBRITY'S, and at all times material acted directly in the interest of CELEBRITY'S in relation to MITCHELL and GANT's employment.

6. JACOBS supervised MITCHELL and GANT, set their work hours, set rates of pay and exercised significant control over CELEBRITY'S day to day operations. Therefore, JACOBS is an employer as defined by 29 U.S.C. §203(d).

7. Upon information and belief, JACOBS had the authority to hire and fire MITCHELL and GANT and had the responsibility to maintain employment records. In fact, it was JACOBS that set all employees' rate of pay and it was JACOBS that decided not to pay MITCHELL and GANT their proper wages and/or overtime pay while they were working for CELEBRITY'S.

8. At all times material hereto, MITCHELL and other similarly situated employees were covered, non-exempt employees of Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, and upon information and belief had annual gross revenue in excess of $500,000.00.

11. At all times material hereto, MITCHELL and GANT were covered employees under the FLSA and "individual" coverage exists because they were engaged in commerce or the

production of goods for commerce.

12. The work performed by MITCHELL and GANT was directly essential to the business performed by Defendants.

13. MITCHELL and GANT have fulfilled all conditions precedent to the institution of this action.

14. Upon information and belief, MITCHELL began her employment with CELEBRITY'S in June of 2020 as a receptionist. MITCHELL's primary duties involved office work, answering the phone and other clerical matters.

15. Upon information and belief, GANT began her employment with CELEBRITY'S on August 9, 2021 as a personal assistant. MITCHELL's primary duties involved office work, running personal errands, answering the phone and other clerical matters.

16. Both MITCHELL and GANT worked for the Defendants but did not receive pay of at least minimum wage for each hour worked or pay of at least one and one half times their regular rates of pay for all hours worked in excess of 40 hours within a given work week.

17. MITCHELL's employment ended in November 2020 after she complained several times to CELEBRITY'S and to JACOBS about not being paid appropriately under the FLSA.

18. GANT's employment ended in September 2021 after she complained several times to CELEBRITY'S and to JACOBS about not being paid appropriately under the FLSA.

19. All records concerning the number of hours actually worked by MITCHELL and GANT are in the exclusive possession and sole custody and control of the Defendants or Defendants' agents. Therefore, MITCHELL and GANT are unable to state at this time the exact amount due to them.

20. At all times material hereto, Defendants failed to pay MITCHELL and GANT at least minimum wage for every hour that they worked.

21. MITCHELL and GANT have retained the undersigned attorneys and are obligated to pay their attorneys a reasonable fee.

## COUNT I
## VIOLATION OF 29 U.S.C. §206 – UNPAID WAGES
### (Collective Action)

22. MITCHELL and GANT reallege and reaffirm paragraphs 1 through 21 above as if they were fully alleged and pled herein.

23. This is action for unpaid wages with an amount in controversy that does not exceed $30,000.00.

24. Defendants violated the FLSA by not paying MITCHELL and GANT at least the minimum wage for each hour they worked.

25. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA when they failed to pay MITCHELL and GANT at least minimum wages for all hours they worked when they knew or should have known these wages were due and payable to MITCHELL and GANT.

26. Due to the intentional willful and unlawful acts of the Defendants, MITCHELL and GANT have suffered damages.

27. In addition, Defendants failed to maintain proper time records as mandated by the FLSA.

28. MITCHELL and GANT are entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

WHEREFORE, the Plaintiff, CHRISEANNA MITCHELL, and CHRISTINE GANT respectfully request that this Court enter judgment against Defendants, CELEBRITY'S MANAGEMENT COMPANY, LLC and FREDRICK JACOBS as follows:

(a) Declaring the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

(b) Awarding MITCHELL and GANT unpaid minimum wages in the amount due to them under the FLSA.

(c) Awarding MITCHELL and GANT liquidated damages in an amount equal to the unpaid minimum wages they are owed.

(d) Awarding MITCHELL and GANT reasonable attorney's fees and costs pursuant to the FLSA;

(e) Awarding any such other relief this Honorable Court deems necessary and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. §207 – OVERTIME COMPENSATION
### (Collective Action)

29. MITCHELL and GANT reallege and reaffirm paragraphs 1 through 21 above as if they were fully alleged and pled herein.

30. This is an action for unpaid overtime compensation pursuant to the FLSA with an amount in controversy that does not exceed $30,000.00.

31. For their entire employment with Defendants, MITCHELL and GANT worked in excess of 40 hours per week and were not compensated at a rate of at least one and one half times their regular rate of pay for those hours.

32. MITCHELL and GANT were entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours per work week.

33. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

34. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate MITCHELL and GANT at the statutory rate of one and one-half times their regular rate of pay for hours they worked in excess of 40 hours per week when they knew or should have known that these wages were due.

35. Due to the intentional willful and unlawful acts of Defendants, MITCHELL and GANT have suffered damages for time worked over forty (40) hours per week, plus liquidated damages.

36. MITCHELL and GANT are entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

WHEREFORE, CHRISEANNA MITCHELL and CHRISTINE GANT respectfully request that this Court enter judgment against the Defendants as follows:

(a) Declaring the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

(b) Awarding MITCHELL and GANT overtime compensation in the amount due to them for hours worked in excess of 40 hours per week;

(c) Awarding MITCHELL and GANT liquidated damages in an amount equal to the unpaid minimum wages they are owed.

(d)  Awarding MITCHELL and GANT reasonable attorney's fees and costs pursuant to the FLSA;

(e)  Awarding any such other relief this Honorable Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

37.  MITCHELL and GANT demand trial by jury on all issues so triable.

I HEREBY CERTIFY that a true copy hereof has been furnished by E-Service to Ashwin R. Trehan, Esquire at ashwin@spirlawfirm.com, sarah@spirelawfirm.com, laura@spirelawfirm.com and filings@spirelawfirm.com, on this 30th day of March, 2022.

> BLANCHARD, MERRIAM,
> ADEL, KIRKLAND & GREEN, P.A.
>
> By: _____
> Edwin A. Green, III, Esquire
> Florida Bar No. 0606111
> Post Office Box 1869
> Ocala, Florida 34478
> Telephone: (352) 732-7218
> Attorneys for Plaintiffs
> tgreen@bmaklaw.com
> lcaldwell@bmaklaw.com