UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
OCALA/TAMPA DIVISION

CHRISEANNA MITCHELL and,
CHRISTINE GANT,

    Plaintiffs,

v.

CELEBRITY'S MANAGEMENT COMPANY, LLC,
A Florida Limited Liability Company, and
FREDRICK JACOBS, individually,

    Defendants.
_____/

CASE NO.: 5:22-cv-108-JSM-PRL

## NOTICE OF PROPOUNDING FIRST INTERROGATORIES TO FREDERICK JACOBS

NOTICE IS HEREBY GIVEN that the Plaintiff, CHRISEANNA MITCHELL has propounded to the Defendant, FREDERICK JACOBS certain written interrogatories (being serially numbered 1 through 22) to be answered and served upon the undersigned counsel within 30 days of service pursuant to applicable Florida Rules of Civil Procedure.

I HEREBY CERTIFY a copy of the foregoing has been furnished via e-service to Jesse I. Unruh, Esquire at jesse@spirelawfirm.com; marcela@spirelawfirm.com; and filings@spirelawfirm.com on this 21st day of February, 2023.

BLANCHARD, MERRIAM,
ADEL, KIRKLAND & GREEN, P.A.

By: _____
EDWIN A. GREEN, III, ESQUIRE
Florida Bar No. 0606111
P.O. Box 1869
Ocala, Florida 34478
Telephone: (352) 732-7218
Attorney for Plaintiffs
tgreen@bmaklaw.com
lcaldwell@bmaklaw.com

EXHIBIT B

## FIRST INTERROGATORIES TO FREDERICK JACOBS

(NOTE: If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.      Please state the name, address, and title or the position of the person(s) designated by you and/or Celebrity's Management to answer these interrogatories.

**ANSWER:**


2.      Please provide the name, address, title/position, company email address and personal email address of each and every individual providing information to respond to these Interrogatories, identifying for each and every individual, the Interrogatory for which the information was provided.

**ANSWER:**


3.      With respect to you and/or Celebrity's Management's current or former employees, please identify all individual(s) who, for the three year period preceding the filing of this lawsuit, were responsible for maintaining, or who participated in the maintenance of, the records of: (a) the number of hours worked by Plaintiff each work day and work week; (b) Plaintiff's regular rate of pay and overtime pay; and (c) the amount of regular and overtime pay earned by Plaintiff.

**ANSWER:**


4.      Provide detailed explanation as to the time, form, manner and amount in which Plaintiff was compensated by yourself and/or Celebrity's Management. Your response should specifically state the basis for the rate of such calculation (if the amount changed over time, state each amount, and when the amount changed), and include in detail whether Plaintiff was paid on an hourly wage, by salary, pursuant to a piece rate or day rate method of compensation plan, or other compensation policy.

**ANSWER:**


5.      State with specificity and in detail the terms of all agreements or understandings between yourself and/or Celebrity's Management and Plaintiff regarding the basis of Plaintiff's compensation, and identify the records and documents upon which you rely on in responding to this Interrogatory.

**ANSWER:**

6.     If you and/or Celebrity's Management maintains records of the number of hours worked by Plaintiff, identify those records, the manner in which such records were compiled, the name of the individual(s) responsible for compiling those records, the place at which such records are maintained, and identify the person(s) who has custody of such records.

**ANSWER:**

7.     If you and/or Celebrity's Management claims that Plaintiff is not entitled to be paid time and one-half for every hour worked in excess of forty (40) hours per work week, please set forth the reason for your claim and the factual basis upon which you make that claim and identify the records and documents upon which you rely in responding to this Interrogatory.

**ANSWER:**

8.     If you and/or Celebrity's Management claims that Plaintiff is or was exempt from the provisions of the Fair Labor Standards Act, please state the specific exemption upon which you rely, and indicate as part of your answer the factual basis for claiming such exemption and identify the records and documents upon which you rely in responding to this Interrogatory.

**ANSWER:**

9.     If you and/or Celebrity's Management claims that you/it relied upon any ruling, regulation or interpretation or decision of any kind issued, promulgated or drafted by the United States Department of Labor in support of their failure to pay Plaintiff minimum wages for all hours worked and time and one-half for all hours worked in excess of forty (40) per work week, identify and provide citation of all such documents.

**ANSWER:**

10.    If you and/or Celebrity's Management claims that you/it relied upon any ruling, regulation or interpretation or decision of any kind issued, promulgated or drafted by the United States Internal Revenue Service in support of their failure to pay Plaintiff minimum wages for all hours worked and time and one-half for all hours worked in excess of forty (40) per work week, identify and provide citation of all such documents.

**ANSWER:**

11. If you and/or Celebrity's Management or any entity owned in whole or in part by you and/or Celebrity's Management has been sued or investigated by the U.S. Department of Labor or have received a claim by or demand from any employee regarding minimum wage or overtime compensation, state the name of the claimant for the suit, claim and/or investigation and identify in detail the factual basis of the suit, claim and/or investigation.

**ANSWER:**

12. Separately identify each and every person who is known or believed by you and/or Celebrity's Management to have knowledge of the amount paid to the Plaintiff and/or the hours worked by Plaintiff, and for each such person, summarize the nature of his or her knowledge.

**ANSWER:**

13. Please identify the person or persons most instrumental in crafting, creating or developing your and/or Celebrity's Management's pay policies, including the pay policy at issue as it applied to the Plaintiff, during the three years immediately preceding the filing of this lawsuit.

**ANSWER:**

14. Please identify the process taken, if any, to determine whether Plaintiff was exempt from overtime pay under the Fair Labor Standards Act.

**ANSWER:**

15. State whether you and/or Celebrity's Management or any attorney or representative on your behalf has obtained statements, reports, memoranda, or recordings from any person which in any way concerns the facts of this case or the matters alleged in your pleadings.

    (a) If your answer is in the affirmative, separately identify the author of each such statement, report memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

**ANSWER:**

16. With respect to each and every affirmative defense or counterclaim raised by you in your Response to Plaintiff's Complaint, state separately for each such defense any and all factual and legal support for such defense or counterclaim and identify all witnesses who have knowledge of the fact which support such defense or counterclaim.

**ANSWER:**


17. State the name, contact person, address and telephone number of all Certified Public Accounting Firms, accounting services, bookkeeping services and payroll services which provided services to you and/or Celebrity's Management for the three years preceding the filing of this lawsuit.

**ANSWER:**


18. Please identify the individual(s) or employee(s) of you and/or Celebrity's Management responsible for computing the weekly wages due to and paid to Plaintiff.

**ANSWER:**


19. Please state in detail, any factual basis that you and/or Celebrity's Management relied upon in meeting its burden of proof and demonstrating the requisite "good faith" to avoid the imposition of liquidated damages. (i.e. attorney consult, DOL opinion letter, accountant consult, etc.) *See Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987).

**ANSWER:**


20. Identify any proactive steps taken by you and/or Celebrity's Management to ascertain whether its payroll practices pertaining to Plaintiff were in compliance with the Fair Labor Standards Act and Florida's Minimum Wage Act.

**ANSWER:**


21. Identify any and all non-privileged documents upon which you and/or Celebrity's Management relied upon in answering each of the above Interrogatories, and for each such document identified, please provide the Interrogatory Number that such document relates to.

**ANSWER:**

STATE OF _____ )
COUNTY OF _____ )

      BEFORE ME, the undersigned authority, personally appeared FREDERICK JACOBS who after being first duly sworn, deposes and says that the answers written after each of the foregoing interrogatories are true and correct, and subscribed his name thereto in certification thereof.

      By _____

      Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____, 2023, by _____.

_____
Notary Public – State of _____
My commission expires:

___ Personally Known  /OR/  ___ Produced I.D.

Type of I.D. Produced:

_____

UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
OCALA/TAMPA DIVISION

CHRISEANNA MITCHELL and,            CASE NO.: 5:22-cv-108-JSM-PRL
CHRISTINE GANT,

       Plaintiffs,

v.

CELEBRITY'S MANAGEMENT COMPANY, LLC,
A Florida Limited Liability Company, and
FREDRICK JACOBS, individually,

       Defendants.
_____/

## NOTICE OF PROPOUNDING FIRST INTERROGATORIES TO FREDERICK JACOBS

NOTICE IS HEREBY GIVEN that the Plaintiff, CHRISTINE GANT has propounded to the Defendant, FREDERICK JACOBS certain written interrogatories (being serially numbered 1 through 22) to be answered and served upon the undersigned counsel within 30 days of service pursuant to applicable Florida Rules of Civil Procedure.

I HEREBY CERTIFY a copy of the foregoing has been furnished via e-service to Jesse I. Unruh, Esquire at jesse@spirelawfirm.com; marcela@spirelawfirm.com; and filings@spirelawfirm.com on this 21st day of February, 2023.

BLANCHARD, MERRIAM,
ADEL, KIRKLAND & GREEN, P.A.

By: _____
EDWIN A. GREEN, III, ESQUIRE
Florida Bar No. 0606111
P.O. Box 1869
Ocala, Florida 34478
Telephone: (352) 732-7218
Attorney for Plaintiffs
tgreen@bmaklaw.com
lcaldwell@bmaklaw.com

## FIRST INTERROGATORIES TO FREDERICK JACOBS

(NOTE: If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.     Please state the name, address, and title or the position of the person(s) designated by you and/or Celebrity's Management to answer these interrogatories.

**ANSWER:**


2.     Please provide the name, address, title/position, company email address and personal email address of each and every individual providing information to respond to these Interrogatories, identifying for each and every individual, the Interrogatory for which the information was provided.

**ANSWER:**


3.     With respect to you and/or Celebrity's Management's current or former employees, please identify all individual(s) who, for the three year period preceding the filing of this lawsuit, were responsible for maintaining, or who participated in the maintenance of, the records of: (a) the number of hours worked by Plaintiff each work day and work week; (b) Plaintiff's regular rate of pay and overtime pay; and (c) the amount of regular and overtime pay earned by Plaintiff.

**ANSWER:**


4.     Provide detailed explanation as to the time, form, manner and amount in which Plaintiff was compensated by yourself and/or Celebrity's Management. Your response should specifically state the basis for the rate of such calculation (if the amount changed over time, state each amount, and when the amount changed), and include in detail whether Plaintiff was paid on an hourly wage, by salary, pursuant to a piece rate or day rate method of compensation plan, or other compensation policy.

**ANSWER:**


5.     State with specificity and in detail the terms of all agreements or understandings between yourself and/or Celebrity's Management and Plaintiff regarding the basis of Plaintiff's compensation, and identify the records and documents upon which you rely on in responding to this Interrogatory.

**ANSWER:**

6.     If you and/or Celebrity's Management maintains records of the number of hours worked by Plaintiff, identify those records, the manner in which such records were compiled, the name of the individual(s) responsible for compiling those records, the place at which such records are maintained, and identify the person(s) who has custody of such records.

**ANSWER:**

7.     If you and/or Celebrity's Management claims that Plaintiff is not entitled to be paid time and one-half for every hour worked in excess of forty (40) hours per work week, please set forth the reason for your claim and the factual basis upon which you make that claim and identify the records and documents upon which you rely in responding to this Interrogatory.

**ANSWER:**

8.     If you and/or Celebrity's Management claims that Plaintiff is or was exempt from the provisions of the Fair Labor Standards Act, please state the specific exemption upon which you rely, and indicate as part of your answer the factual basis for claiming such exemption and identify the records and documents upon which you rely in responding to this Interrogatory.

**ANSWER:**

9.     If you and/or Celebrity's Management claims that you/it relied upon any ruling, regulation or interpretation or decision of any kind issued, promulgated or drafted by the United States Department of Labor in support of their failure to pay Plaintiff minimum wages for all hours worked and time and one-half for all hours worked in excess of forty (40) per work week, identify and provide citation of all such documents.

**ANSWER:**

10.    If you and/or Celebrity's Management claims that you/it relied upon any ruling, regulation or interpretation or decision of any kind issued, promulgated or drafted by the United States Internal Revenue Service in support of their failure to pay Plaintiff minimum wages for all hours worked and time and one-half for all hours worked in excess of forty (40) per work week, identify and provide citation of all such documents.

**ANSWER:**

11. If you and/or Celebrity's Management or any entity owned in whole or in part by you and/or Celebrity's Management has been sued or investigated by the U.S. Department of Labor or have received a claim by or demand from any employee regarding minimum wage or overtime compensation, state the name of the claimant for the suit, claim and/or investigation and identify in detail the factual basis of the suit, claim and/or investigation.

**ANSWER:**


12. Separately identify each and every person who is known or believed by you and/or Celebrity's Management to have knowledge of the amount paid to the Plaintiff and/or the hours worked by Plaintiff, and for each such person, summarize the nature of his or her knowledge.

**ANSWER:**


13. Please identify the person or persons most instrumental in crafting, creating or developing your and/or Celebrity's Management's pay policies, including the pay policy at issue as it applied to the Plaintiff, during the three years immediately preceding the filing of this lawsuit.

**ANSWER:**


14. Please identify the process taken, if any, to determine whether Plaintiff was exempt from overtime pay under the Fair Labor Standards Act.

**ANSWER:**


15. State whether you and/or Celebrity's Management or any attorney or representative on your behalf has obtained statements, reports, memoranda, or recordings from any person which in any way concerns the facts of this case or the matters alleged in your pleadings.

   (a) If your answer is in the affirmative, separately identify the author of each such statement, report memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

**ANSWER:**

16. With respect to each and every affirmative defense or counterclaim raised by you in your Response to Plaintiff's Complaint, state separately for each such defense any and all factual and legal support for such defense or counterclaim and identify all witnesses who have knowledge of the fact which support such defense or counterclaim.

**ANSWER:**


17. State the name, contact person, address and telephone number of all Certified Public Accounting Firms, accounting services, bookkeeping services and payroll services which provided services to you and/or Celebrity's Management for the three years preceding the filing of this lawsuit.

**ANSWER:**


18. Please identify the individual(s) or employee(s) of you and/or Celebrity's Management responsible for computing the weekly wages due to and paid to Plaintiff.

**ANSWER:**


19. Please state in detail, any factual basis that you and/or Celebrity's Management relied upon in meeting its burden of proof and demonstrating the requisite "good faith" to avoid the imposition of liquidated damages. (i.e. attorney consult, DOL opinion letter, accountant consult, etc.) *See Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987).

**ANSWER:**


20. Identify any proactive steps taken by you and/or Celebrity's Management to ascertain whether its payroll practices pertaining to Plaintiff were in compliance with the Fair Labor Standards Act and Florida's Minimum Wage Act.

**ANSWER:**


21. Identify any and all non-privileged documents upon which you and/or Celebrity's Management relied upon in answering each of the above Interrogatories, and for each such document identified, please provide the Interrogatory Number that such document relates to.

**ANSWER:**

STATE OF _____ )
COUNTY OF _____ )

    BEFORE ME, the undersigned authority, personally appeared FREDERICK JACOBS who after being first duly sworn, deposes and says that the answers written after each of the foregoing interrogatories are true and correct, and subscribed his name thereto in certification thereof.

    By _____

    Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____, 2023, by _____.

_____
Notary Public – State of _____
My commission expires:

__ Personally Known  /OR/  _ Produced I.D.

Type of I.D. Produced:

_____