UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
OCALA/TAMPA DIVISION

CHRISEANNA MITCHELL and,
CHRISTINE GANT,

CASE NO.: 5:22-cv-108-JSM-PRL

    Plaintiffs,

v.

CELEBRITY'S MANAGEMENT COMPANY, LLC,
A Florida Limited Liability Company, and
FREDRICK JACOBS, individually,

    Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO CELEBRITY'S MANAGEMENT COMPANY, LLC

The Plaintiff, CHRISEANNA MITCHELL, requests pursuant to *Fla. R. Civ. P.* 1.350, that the Defendant, CELEBRITY'S MANAGEMENT COMPANY, LLC, produce and permit her to inspect and/or copy such of the following documents and items as are in the possession, custody or control of the Defendant, at the offices of BLANCHARD, MERRIAM, ADEL, KIRKLAND & GREEN, P.A., 4 SE Broadway, Ocala, Florida 34471, on or before thirty (30) days of service hereof.

1. Any and all documents referred to, consulted in connection with, or containing information relating to, the answers to Plaintiffs Interrogatories, and any documents requested to be attached hereto.

2. All documents which evidence the terms and conditions of Plaintiff employment with Defendant, including all company and personnel manuals, employee handbooks, and memos that Plaintiff was provided by Defendant.

1



3. Plaintiff's personnel file(s), including but not limited to any documents relating to Plaintiff's employment, including discipline, promotions, policies and any other documents pertaining to Plaintiff's employment.

4. All documents which evidence the initial date Plaintiff ever performed work for Defendant.

5. Any job descriptions for positions held by Plaintiff.

6. All daily time records, time slips, timecards or other records maintained by Defendant evidencing the time Plaintiff arrived at work, was on break, was at lunch or departed from work.

7. Any and all written communications whether paper, electronic mail, text message(s), or otherwise, exchanged between Plaintiff and any of Defendant's agents, to the extent such communications have evidentiary value pertaining to Plaintiffs hours of work, including her start time, stop time and/or time on break, commission(s), or Plaintiffs pay.

8. All copies, documents and records not specifically requested that demonstrate the total daily hours worked by Plaintiff during his employment with Defendant.

9. For each pay period of Plaintiff's employ, all paychecks, pay reports, pay stubs, computer reports or printouts or other documents evidencing the amount paid to Plaintiff, the number of hours worked by Plaintiff, all deductions from Plaintiff's compensation and the periods for which Plaintiff was absent from work.

10. All payroll practice guidelines, record keeping guidelines, directives, memoranda or other documents to supervisors or other managerial personnel regarding the number of hours worked by Defendant's employees employed/performing services in a similar capacity as Plaintiff, the practices of Defendant with respect to the payment of overtime compensation to employees/individuals performing services such as Plaintiff, and the policies and practices of the Defendant relating to

maintenance of records of hours worked by employees/individuals performing services similarly situated to Plaintiff.

11. All form W-2s or 1099s prepared for Plaintiff by Defendant.

12. Any written materials posted at Defendant's workplace regarding employees' FLSA rights.

13. If Defendant claims that they have relied upon any upon any opinion, ruling, regulation, interpretation or document drafted, issued or promulgated by the United States Department of Labor ("DOL") as a basis for its failure to pay Plaintiff minimum wage and overtime compensation or as a basis for claiming that it has paid Plaintiff overtime compensation, produce all such documents.

14. Any and all collective bargaining agreements pertaining to, relating to, or including your employees to which Plaintiff was subjected.

15. With respect to any lawsuits filed against Defendant after 2016 relating to the payment of overtime compensation and/or minimum wage compensation, produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

16. Any and all documents identifying retroactive payment of wages or compensation under the supervision of the administrator of the Wage and Hour Division, U.S. Department of Labor, including the amount of such payment to each employee, the period covered by such employment, the date of the payment and the name(s) of the employee(s) to whom such payment was made.

17. All Federal Tax Returns for Defendant for taxable years beginning on or after 2016. In lieu of responding to this request, Defendant may stipulate that they are a covered employer under Federal and Florida law and obligated to follow Federal minimum wage and overtime laws, and Florida's minimum wage laws.

18. If Defendant maintains that its annual gross volume of sales made or business done or gross revenue for taxable years beginning 2016 is less than $500,000 annually, produce all documents evidencing the gross receipts of Defendant for taxable years beginning 2016. Your response to this request should include, but not be limited to, financial statements (whether audited or not), all loan applications and all sales and other receipts for the years at issue. In lieu of responding to this request, Defendant may stipulate that they are a covered employer under Federal and Florida law and obligated to follow Federal minimum wage and overtime laws, and Florida's minimum wage laws.

19. All documents evidencing the reporting of the earnings of Plaintiff to all third parties, which shall include, but shall not be limited to, insurance carriers, insurance agents and/or representatives, federal, state and local taxing authorities and the Florida Unemployment Compensation Fund.

20. To the extent any part of the remuneration and/or compensation paid to Plaintiff was not reflected in Plaintiffs paycheck, produce all documents evidencing the amount, date and nature and purpose of all such payments.

21. Please produce any and all documents which Defendant contends it relied upon in order to avoid imposition of liquidated damages under the Fair Labor Standards Act and Florida's Minimum Wage Act ("FMWA").

22. If Defendant claims that they relied upon an opinion from an attorney that their pay policy at issue in this case was FLSA and/or FMW A compliant, provide all notes, documents, writings and/or correspondence, wherein Defendant discussed the pay policy at issue with their attorney(s) prior to the commencement of the instant lawsuit.

23. If Defendant claims that they relied upon an opinion from the United States Department of Labor ("DOL") that their pay policy at issue in this case was FLSA and/or FMWA compliant, provide all notes, documents, writings and/or correspondence that provide evidence of this reliance, including but not limited to, wherein Defendant discussed the pay policy at issue with their attorney(s) and/or a DOL investigator/employee prior to the commencement of the instant lawsuit.

24. All documents that Defendant intends to use as an exhibit in this case.

I HEREBY CERTIFY a copy of the foregoing has been furnished via e-service to Jesse I. Unruh, Esquire at jesse@spirelawfirm.com; marcela@spirelawfirm.com; and filings@spirelawfirm.com on this 21st day of February, 2023.

BLANCHARD, MERRIAM,
ADEL, KIRKLAND & GREEN, P.A.

By: _____
EDWIN A. GREEN, III, ESQUIRE
Florida Bar No. 0606111
P.O. Box 1869
Ocala, Florida 34478
Telephone: (352) 732-7218
Attorney for Plaintiff
tgreen@bmaklaw.com
lcaldwell@bmaklaw.com

5

UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
OCALA/TAMPA DIVISION

CHRISEANNA MITCHELL and, CASE NO.: 5:22-cv-108-JSM-PRL
CHRISTINE GANT,

    Plaintiffs,

v.

CELEBRITY'S MANAGEMENT COMPANY, LLC,
A Florida Limited Liability Company, and
FREDRICK JACOBS, individually,

    Defendants.
_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO CELEBRITY'S MANAGEMENT COMPANY, LLC

The Plaintiff, CHRISTINE GANT, requests pursuant to *Fla. R. Civ. P.* 1.350, that the Defendant, CELEBRITY'S MANAGEMENT COMPANY, LLC, produce and permit her to inspect and/or copy such of the following documents and items as are in the possession, custody or control of the Defendant, at the offices of BLANCHARD, MERRIAM, ADEL, KIRKLAND & GREEN, P.A., 4 SE Broadway, Ocala, Florida 34471, on or before thirty (30) days of service hereof.

1. Any and all documents referred to, consulted in connection with, or containing information relating to, the answers to Plaintiffs Interrogatories, and any documents requested to be attached hereto.

2. All documents which evidence the terms and conditions of Plaintiff employment with Defendant, including all company and personnel manuals, employee handbooks, and memos that Plaintiff was provided by Defendant.

1

3. Plaintiff's personnel file(s), including but not limited to any documents relating to Plaintiff's employment, including discipline, promotions, policies and any other documents pertaining to Plaintiff's employment.

4. All documents which evidence the initial date Plaintiff ever performed work for Defendant.

5. Any job descriptions for positions held by Plaintiff.

6. All daily time records, time slips, timecards or other records maintained by Defendant evidencing the time Plaintiff arrived at work, was on break, was at lunch or departed from work.

7. Any and all written communications whether paper, electronic mail, text message(s), or otherwise, exchanged between Plaintiff and any of Defendant's agents, to the extent such communications have evidentiary value pertaining to Plaintiffs hours of work, including her start time, stop time and/or time on break, commission(s), or Plaintiffs pay.

8. All copies, documents and records not specifically requested that demonstrate the total daily hours worked by Plaintiff during his employment with Defendant.

9. For each pay period of Plaintiff's employ, all paychecks, pay reports, pay stubs, computer reports or printouts or other documents evidencing the amount paid to Plaintiff, the number of hours worked by Plaintiff, all deductions from Plaintiff's compensation and the periods for which Plaintiff was absent from work.

10. All payroll practice guidelines, record keeping guidelines, directives, memoranda or other documents to supervisors or other managerial personnel regarding the number of hours worked by Defendant's employees employed/performing services in a similar capacity as Plaintiff, the practices of Defendant with respect to the payment of overtime compensation to employees/individuals performing services such as Plaintiff, and the policies and practices of the Defendant relating to

maintenance of records of hours worked by employees/individuals performing services similarly situated to Plaintiff.

11. All form W-2s or 1099s prepared for Plaintiff by Defendant.

12. Any written materials posted at Defendant's workplace regarding employees' FLSA rights.

13. If Defendant claims that they have relied upon any upon any opinion, ruling, regulation, interpretation or document drafted, issued or promulgated by the United States Department of Labor ("DOL") as a basis for its failure to pay Plaintiff minimum wage and overtime compensation or as a basis for claiming that it has paid Plaintiff overtime compensation, produce all such documents.

14. Any and all collective bargaining agreements pertaining to, relating to, or including your employees to which Plaintiff was subjected.

15. With respect to any lawsuits filed against Defendant after 2016 relating to the payment of overtime compensation and/or minimum wage compensation, produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

16. Any and all documents identifying retroactive payment of wages or compensation under the supervision of the administrator of the Wage and Hour Division, U.S. Department of Labor, including the amount of such payment to each employee, the period covered by such employment, the date of the payment and the name(s) of the employee(s) to whom such payment was made.

17. All Federal Tax Returns for Defendant for taxable years beginning on or after 2016. In lieu of responding to this request, Defendant may stipulate that they are a covered employer under Federal and Florida law and obligated to follow Federal minimum wage and overtime laws, and Florida's minimum wage laws.

18. If Defendant maintains that its annual gross volume of sales made or business done or gross revenue for taxable years beginning 2016 is less than $500,000 annually, produce all documents evidencing the gross receipts of Defendant for taxable years beginning 2016. Your response to this request should include, but not be limited to, financial statements (whether audited or not), all loan applications and all sales and other receipts for the years at issue. In lieu of responding to this request, Defendant may stipulate that they are a covered employer under Federal and Florida law and obligated to follow Federal minimum wage and overtime laws, and Florida's minimum wage laws.

19. All documents evidencing the reporting of the earnings of Plaintiff to all third parties, which shall include, but shall not be limited to, insurance carriers, insurance agents and/or representatives, federal, state and local taxing authorities and the Florida Unemployment Compensation Fund.

20. To the extent any part of the remuneration and/or compensation paid to Plaintiff was not reflected in Plaintiffs paycheck, produce all documents evidencing the amount, date and nature and purpose of all such payments.

21. Please produce any and all documents which Defendant contends it relied upon in order to avoid imposition of liquidated damages under the Fair Labor Standards Act and Florida's Minimum Wage Act ("FMWA").

22. If Defendant claims that they relied upon an opinion from an attorney that their pay policy at issue in this case was FLSA and/or FMW A compliant, provide all notes, documents, writings and/or correspondence, wherein Defendant discussed the pay policy at issue with their attorney(s) prior to the commencement of the instant lawsuit.

23. If Defendant claims that they relied upon an opinion from the United States Department of Labor ("DOL") that their pay policy at issue in this case was FLSA and/or FMWA compliant, provide all notes, documents, writings and/or correspondence that provide evidence of this reliance, including but not limited to, wherein Defendant discussed the pay policy at issue with their attorney(s) and/or a DOL investigator/employee prior to the commencement of the instant lawsuit.

24. All documents that Defendant intends to use as an exhibit in this case.

I HEREBY CERTIFY a copy of the foregoing has been furnished via e-service to Jesse I. Unruh, Esquire at jesse@spirelawfirm.com; marcela@spirelawfirm.com; and filings@spirelawfirm.com on this 21st day of February, 2023.

> BLANCHARD, MERRIAM,
> ADEL, KIRKLAND & GREEN, P.A.
>
> By: _____
> EDWIN A. GREEN, III, ESQUIRE
> Florida Bar No. 0606111
> P.O. Box 1869
> Ocala, Florida 34478
> Telephone: (352) 732-7218
> Attorney for Plaintiff
> tgreen@bmaklaw.com
> lcaldwell@bmaklaw.com

5