UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
OCALA/TAMPA DIVISION

CHRISEANNA MITCHELL and,　　　　　　　　CASE NO.: 5:22-cv-108-JSM-PRL
CHRISTINE GANT,

      Plaintiffs,

v.

CELEBRITY'S MANAGEMENT COMPANY, LLC,
A Florida Limited Liability Company, and
FREDRICK JACOBS, individually,

      Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

The Plaintiffs, CHRISEANNA MITCHELL and CHRISTINE GANT, and the Defendants, CELEBRITY'S MANAGEMENT COMPANY, LLC and FREDRICK JACOBS, by and through their respective undersigned counsel, hereby jointly move the Court to (a) approve the FLSA settlement reached by the parties and; (b) dismiss the case with prejudice. As grounds therefore the parties state as follows:

1.    Plaintiffs asserted they worked as non-exempt clerical and other related duties for Defendants Ocala based restaurant. Plaintiffs allege entitlement to unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 ("FLSA"). More specifically, Plaintiffs claim that they regularly worked overtime hours for which they were not compensated.

2.    The parties recently negotiated a compromise to resolve Plaintiffs' FLSA claims and claim for attorney's fees and costs, subject to a fairness review and approval by the Court.

3.    Plaintiff, MITCHELL claims to be owed unpaid overtime wages estimated at

1

$7,442.24 based on 416 hours of overtime from July 13 through November 23, 2020, plus liquidated damages in an equal amount. MITCHELL will receive a payment of $14,844.38 for the settlement.

4. Plaintiff, GANT claims to be owed unpaid overtime wages estimated at $1,380.00 based on 57 hours of overtime from August 9 through August 30, 2020, plus liquidated damages in an equal amount. GANT will receive a payment of $2,760.00 for the settlement.

5. After reaching an agreement on the amount to resolve Plaintiffs' disputed overtime claims, the parties separately negotiated and resolved Plaintiffs' claim for attorney's fees and costs in the amount of $5,982.96. The parties agree that this amount is reasonable and should be approved by the Court. (A copy of the parties' Settlement Agreement is attached hereto as Exhibit "A".)

6. The parties jointly confirm that they had a bona fide dispute under the FLSA. Defendant asserted and continues to assert that it had reasonable grounds to believe it was in compliance with the FLSA at all times, and acted in good faith and not in willful violation of the FLSA.

7. The total settlement amount reflects a reasonable compromise of the alleged unpaid overtime amounts claimed by the Plaintiffs for the time periods they worked for Defendants.

8. Counsel for the parties represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter.

9. Counsel for the parties and their respective opinions concur that the settlement is fair and reasonable under the circumstances.

## MEMORANDUM OF LAW

**A.     Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of*

*Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn*: "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bonafide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed
(4) the probability of Plaintiffs' success on the merits:
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton,* 2007 U.S. Dist. LEXIS at * 2-3.

## B. All of the Relevant Criteria Support Final Approval of the Settlement.

The Parties acknowledge that this settlement provides payment of overtime wages allegedly due during Plaintiffs' respective employment. Courts have found no fraud or collusion where both parties were represented by counsel and the amounts to be paid to the Plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006).

Here, each party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiffs, it is clear that there was no fraud or collusion. These facts further support that the settlement terms were reached with arms-length negotiations. *See Khait v. Whirlpool Corp.*, 2010 U.S. Dist. LEXIS 4067, * 15 (E.D.N.Y Jan. 20, 2010); *Quintanilla v. A & R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449. * 11 (S.D. Tex. May 7, 2008).

Further, there has been sufficient investigation and exchange of information to allow the Parties to reach a fair and reasonable resolution of this matter. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

## CONCLUSION

WHEREFORE, Plaintiffs, CHRISEANNA MITCHELL and CHRISTINE GANT and Defendants, CELEBRITY'S MANAGEMENT COMPANY, LLC and FREDRICK JACOBS, respectfully request that this Honorable Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the attached settlement of the claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Respectfully submitted this __30th__ day of May, 2023.

| | |
|---|---|
| BLANCHARD, MERRIAM, ADEL, KIRKLAND & GREEN, P.A. | SPIRE LAW, LLC |
| By  /s/ Edwin A. Green, III<br>Edwin A. Green, III, Esquire<br>Florida Bar Number 0606111<br>Post Office Box 1869<br>Ocala, Florida 34478<br>(352) 732-7218<br>Attorney for Plaintiffs<br>tgreen@bmaklaw.com<br>lcaldwell@bmaklaw.com | By  /s/ Jesse Unruh<br>Jesse I. Unruh, Esquire<br>Florida Bar No. 93121<br>2572 W. State Road 426, Suite 2088<br>Oviedo, Florida 32765<br>(407) 494-0135<br>Attorneys for Defendants<br>jesse@spirelawfirm.com<br>marcela@spirelawfirm.com<br>filings@spirelawfirm.com |