UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CHRISEANNA MITCHELL, and
CHRISTINE GANT,

      Plaintiff,                          CASE NO.: 5:22-cv-00108-JSM-PRL

vs.

CELEBRITY'S MANAGEMENT COMPANY, LLC,
A Florida Limited Liability Company, and
FREDRICK JACOBS, individually,

      Defendants.
_____/

**FLSA SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release of FLSA Claims (this "Agreement") is entered into by and between Celebrity's Management Company, LLC and Fredrick Jacobs (hereinafter, "Celebrity's" or "Defendants"), and Chriseanna Mitchell (hereinafter, "Mitchell") and Christine Gant (hereinafter, "Gant") (cumulatively "Plaintiffs"). Plaintiffs and Defendants are collectively referred to herein as the "Parties."

**RECITALS**

      **WHEREAS**, Chriseanna Mitchell and Christine Gant filed a lawsuit in the United States District Court for the Middle District of Florida, styled Chriseanna Mitchell v. Celebrity's Management Company, LLC and Fredrick Jacobs (Case No. 5:22-cv-00108-JSM-PRL), alleging violations of the unpaid wages and overtime provisions of the Fair Labor Standards Act (the "FLSA") (the "Action");

      **WHEREAS**, the Parties entered into good faith settlement negotiations resulting in this Agreement. The purpose of this Agreement is to settle and compromise any and all prior and existing disputes, claims and controversies between the Parties without any future cost and expense of litigation, and to bar any and all future disputes, claims and controversies between the Parties which may arise out of any facts or events, known or unknown, that have occurred up to the Effective Date of this Agreement;



Doc ID: f721983fdf8667c134d51643be640bc7417d5b7e

**WHEREAS**, subject to the terms of this Agreement, the Parties now desire to fully and finally settle all FLSA claims in the Action, including the reasonable amount of attorney's fees and costs for Plaintiffs' claims in the Action (in lieu of having such amount determined by the Court);

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions:

1) <u>Recitals</u>. The Recitals set forth above are incorporated fully herein, are true and correct and form a material part of this Agreement.

2) <u>No Admission of Liability</u>. Plaintiffs agree and acknowledge that this Agreement is not and shall not be construed as an admission by Defendants, or any person or entity acting on their behalf, of any liability or of any act or wrongdoing whatsoever, including without limitation, any violation of: (1) any federal, state, or local law, statute, regulation, code, or ordinance; or (2) of any legal, common law, or equitable duty owed by the Defendants to any entity, regulatory authority, or individual. The Parties are entering this Agreement merely to avoid the costs and inconvenience associated with potential litigation of this matter.

3) <u>Settlement Terms and Dismissal</u>. Defendants shall pay Mitchell the total sum of Fourteen Thousand Eight Hundred Forty-four Dollars and Thirty-eight Cents ($14,844.38, USD). Defendants shall pay Gant the total sum of Two Thousand Seven Hundred Sixty Dollars and No Cents ($2,760.00). Defendants shall pay Plaintiffs' counsel the total sum of Five Thousand Nine Hundred Eighty-two Dollars and Ninety-six Cents ($5,982.96, USD) in attorney's fees and costs. The total FLSA settlement amount is Twenty-three Thousand Five Hundred Eighty-seven Dollars and Thirty-four Cents ($23,587.34, USD) (the "Settlement Amount") in consideration for the promises made herein, and in full and final settlement of the Action, including the reasonable amount of attorneys' fees and costs incurred by Plaintiffs in this Action that Plaintiffs have asserted or may assert against Defendants as of the Effective Date which arise out of Plaintiffs' employment by, or relationship with, Defendants.

   a. The Settlement Amount will be apportioned as follows:

Doc ID: f721983fdf8667c134d51643be640bc7417d5b7e

i. **Seven Thousand Four Hundred Twenty-two Dollars and Nineteen Cents ($7,422.19, USD)** payable by check to Mitchell for which a 1099 shall be issued. Mitchell shall provide Defendants with a fully completed and executed IRS Form W-9 on or before the date of execution of this Agreement.

ii. **Seven Thousand Four Hundred Twenty-two Dollars and Nineteen Cents ($7,422.19, USD)** payable by check to Mitchell with appropriate withholding/deductions for which a W2 shall be issued. Mitchell shall provide Defendants with a fully completed and executed IRS Form W-4 on or before the date of execution of this Agreement.

iii. **One Thousand Three Hundred Eight Dollars and Zero Cents ($1,380.00, USD)** payable by check to Gant for which a 1099 shall be issued. Gant shall provide Defendants with a fully completed and executed IRS Form W-9 on or before the date of execution of this Agreement.

iv. **One Thousand Three Hundred Eight Dollars and Zero Cents ($1,380.00, USD)** payable by check to Gant with appropriate withholding/deductions for which a W2 shall be issued. Gant shall provide Defendants with a fully completed and executed IRS Form W-4 on or before the date of execution of this Agreement.

v. **Five Thousand Nine Hundred Eighty-two Dollars and Ninety-six Cents ($5,982.96, USD)**, payable by check to Blanchard, Merriam, Adel, Kirkland & Green PA, Attorneys at Law ("Plaintiffs' Law Firm"), for attorneys' fees and costs incurred by Plaintiffs in connection with the Action and this resolution. Defendants will cause an IRS Form 1099 to be issued to Plaintiffs' Law Firm reflecting this amount, at the time and in the manner required by law. Plaintiffs' Law Firm must provide a fully completed and executed IRS Form W-9 to Defendant's counsel on or before the date of execution of this Agreement.

b. **Payment Schedule will be as follows:** The Settlement amounts will be due to be delivered to Plaintiff's Counsel on June 30, 2023. If this Agreement has not yet been approved by the court, then Plaintiff's counsel shall hold the Settlement amounts in trust until such time as this Agreement is approved and the case is dismissed with prejudice.

Doc ID: f721983fdf8667c134d51643be640bc7417d5b7e

    c. **How Payments Made:** The checks shall be delivered to Edwin A. "Trip" Green, III, Esquire, 4 SE Broadway Street, Ocala FL, 34471. In the event of default by the Defendants in making the payments, as scheduled above, Plaintiffs, through their attorney(s), shall give email notice to the Defendant's attorney. Defendants shall then have ten (10) business days to cure the default without penalty or adverse consequence.

Plaintiffs agree and acknowledge that, as directed by or allocated pursuant to applicable law, Plaintiffs will each be responsible for the payment of any and all taxes for which they are liable with respect to the Settlement Amount. Plaintiffs also agree, warrant, and acknowledge that Defendants shall have no responsibility whatsoever for the payment of any taxes that Plaintiffs are liable for with respect to the Settlement Amount. Plaintiffs understand and agree that Plaintiffs are responsible for and shall indemnify and hold harmless Defendants from the payment of any taxes, interest, penalties, levies or assessments that they are liable for applicable thereto.

4) <u>RELEASE OF WAGE CLAIMS:</u> This agreement shall constitute a release of all claims Plaintiffs might have under the FLSA or similar law against Defendants.

    a. Upon execution of this Agreement, the parties shall immediately file a Joint Motion for Approval of Settlement and Dismissal of this case, with prejudice.

    b. In exchange for the consideration set forth in Paragraph 3 above, Plaintiffs, for themselves and their attorneys, heirs, executors, administrators, successors and assigns, hereby waive and release, Celebrity's Management Company, LLC and Fredrick Jacobs, (the "Released Parties"), from any and all wage claims of any nature whatsoever Plaintiffs have arising out of or related to the payment of wages during employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiffs have under the FLSA, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations and claims for attorneys' fees which relate to the payment of wages. Plaintiffs also represent and certify that they have received full payment for all hours worked while employed by Defendants, including minimum wage, overtime hours, bonuses, and vacation pay and that no further payment for hours worked is due by the Released Parties.

Doc ID: f721983fdf8667c134d51643be640bc7417d5b7e

5) <u>Neutral Reference</u>. Upon any inquiry from Plaintiffs' subsequent employer, or from any prospective employer with whom Plaintiffs have applied for employment, regarding Plaintiffs' prior employment with Defendants, Defendants will provide such inquiring employer with only the following information: (a) Plaintiff's initial date of employment with Defendants; (b) Plaintiff's last date of employment with the Company; and (c) the title of the position held by Plaintiff.

6) <u>Cooperation of Parties.</u> The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents and to do all things reasonably necessary to complete and effectuate the settlement described in this Agreement.

7) <u>No Construction Against Drafter.</u> This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

8) <u>Notices.</u> Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and sent by electronic mail and by Certified Mail, return receipt requested, as follows:

<u>As to Plaintiffs:</u>

Edwin A. Green III, Esq. or
Blanchard, Merriam, Adel,
Kirkland & Green, P.A.
Post Office Box 1869
Ocala Florida 34478
tgreen@bmaklaw.com
lcaldwell@bmaklaw.com

<u>As to Defendants:</u>

Jesse Unruh, Esq. or
SPIRE LAW, PLLC
2572 W. State Rd 426, Suite 2088
Oviedo, FL 32765
jesse@spirelawfirm.com
filings@spirelawfirm.com

9) <u>Evidentiary Preclusion.</u> To support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file this Agreement.

Doc ID: f721983fdf8667c134d51643be640bc7417d5b7e

10) <u>Binding Nature of Agreement</u>. This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, assigns and successors and shall inure to the benefit of each party and their respective heirs, administrators, representatives, executors, successors, and assigns.

11) <u>Severability</u>. If any provision of this Agreement is invalid, illegal, or unenforceable, the balance of this Agreement shall remain in effect, and if any provision is inapplicable to any person or circumstance, it shall nevertheless remain applicable to all other persons and circumstances, provided, however, that the economic and legal substance of the transactions contemplated by this Agreement are not affected in any way materially adverse to any party hereto.

12) <u>Headings.</u> The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

13) <u>Applicable Law and Venue</u>. This Agreement shall be governed by the laws of the State of Florida and any applicable federal law. Jurisdiction for enforcement, prosecution and venue shall lie exclusively in federal or state courts located in the State of Florida with jurisdiction over matters occurring in Marion County, Florida.

14) <u>Signatures in Counterparts.</u> This Agreement may be executed in counterparts, each of which shall be taken to be one and the same instrument, as if all Parties had executed the same signature page. A fax or scanned e-mail copy of any party's signature shall be deemed as legally binding as an original signature.

15) <u>Entire Agreement.</u> This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between them pertaining to the settlement.

16) <u>Effective Date.</u> This Agreement shall be effective on the date that the last of Defendants or Plaintiffs execute this Agreement (the "Effective Date").

Doc ID: f721983fdf8667c134d51643be640bc7417d5b7e

ENTERING THIS AGREEMENT, AND FULLY UNDERSTAND THE EFFECT OF THIS AGREEMENT. EACH PARTY TO THIS AGREEMENT WARRANTS THAT THEY ARE ACTING UPON THEIR OWN INDEPENDENT JUDGMENT AND UPON THE ADVICE OF THEIR OWN COUNSEL AND NOT IN RELIANCE UPON ANY WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OF ANY NATURE OR KIND BY ANY OTHER PARTY, OTHER THAN THE WARRANTIES AND REPRESENTATIONS EXPRESSLY MADE IN THIS AGREEMENT.

**IN WITNESS WHEREOF**, the undersigned have hereunto caused the foregoing FLSA Settlement and Release Agreement to be signed as follows:

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | Celebrity's Management Company, LLC |
| *[signature]* | By: _____ |
| Chriseanna Mitchell | Name: _____ |
| Date: 5/18/2023 | Its: _____ |
| | Date: _____ |
| | |
| _____ | _____ |
| Christine Gant | Fredrick Jacobs |
| Date: _____ | Date: _____ |

EACH PARTY ACKNOWLEDGES, AGREES AND SPECIFICALLY WARRANTS THAT THEY HAVE FULLY READ THIS AGREEMENT, AND HAVE RECEIVED INDEPENDENT LEGAL ADVICE WITH RESPECT TO THE ADVISABILITY AND LEGAL EFFECTS OF ENTERING THIS AGREEMENT, AND FULLY UNDERSTAND THE EFFECT OF THIS AGREEMENT. EACH PARTY TO THIS AGREEMENT WARRANTS THAT THEY ARE ACTING UPON THEIR OWN INDEPENDENT JUDGMENT AND UPON THE ADVICE OF THEIR OWN COUNSEL AND NOT IN RELIANCE UPON ANY WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OF ANY NATURE OR KIND BY ANY OTHER PARTY, OTHER THAN THE WARRANTIES AND REPRESENTATIONS EXPRESSLY MADE IN THIS AGREEMENT.

IN WITNESS WHEREOF, the undersigned have hereunto caused the foregoing FLSA Settlement and Release Agreement to be signed as follows:

**PLAINTIFFS**

_____
Chriseanna Mitchell

Date: _____

*Christine Gant* (signature)
Christine Gant

Date: 05/24/2023

**DEFENDANTS**
Celebrity's Management Company, LLC

By: *Taja Jacobs* (signature)

Name: Celebritys Manage

Its: CEO

Date: 05 / 24 / 2023

_____
Fredrick Jacobs

Date: _____

Doc ID: f721983fdf8667c134d51643be640bc7417d5b7e

EACH PARTY ACKNOWLEDGES, AGREES AND SPECIFICALLY WARRANTS THAT THEY HAVE FULLY READ THIS AGREEMENT, AND HAVE RECEIVED INDEPENDENT LEGAL ADVICE WITH RESPECT TO THE ADVISABILITY AND LEGAL EFFECTS OF ENTERING THIS AGREEMENT, AND FULLY UNDERSTAND THE EFFECT OF THIS AGREEMENT. EACH PARTY TO THIS AGREEMENT WARRANTS THAT THEY ARE ACTING UPON THEIR OWN INDEPENDENT JUDGMENT AND UPON THE ADVICE OF THEIR OWN COUNSEL AND NOT IN RELIANCE UPON ANY WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OF ANY NATURE OR KIND BY ANY OTHER PARTY, OTHER THAN THE WARRANTIES AND REPRESENTATIONS EXPRESSLY MADE IN THIS AGREEMENT.

IN WITNESS WHEREOF, the undersigned have hereunto caused the foregoing FLSA Settlement and Release Agreement to be signed as follows:

| PLAINTIFFS | DEFENDANTS<br>Celebrity's Management Company, LLC |
|---|---|
| _____<br>Chriseanna Mitchell | By: _____ |
| Date: _____ | Name: _____ |
| | Its: _____ |
| | Date: _____ |
| | *Dr. Fredrick Jacobs* |
| _____<br>Christine Gant | _____<br>Fredrick Jacobs |
| Date: _____ | Date: 05 / 26 / 2023 _____ |

Doc ID: 33700e65d6429d4f358d82b60a021c51fd82f181